UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY GIBSON,<br><br>             Plaintiff,<br><br>      v.<br><br>HAGERTY INSURANCE AGENCY and ESSENTIA INSURANCE COMPANY,<br><br>             Defendants. | No.  1:16-cv-00677-DAD-BAM<br><br>ORDER<br><br>(Doc. No. 10) |

On May 11, 2016, defendants Hagerty Insurance Agency and Essentia Insurance Company removed this action from the Stanislaus County Superior Court on the basis of diversity jurisdiction.  (Doc. No. 1.)  On July 22, 2016, plaintiff Ray Gibson, proceeding *pro se* in this action, filed an opposition to the removal of this case from state court.  (Doc. No. 10.)  Because this opposition is not presented as a properly noticed motion pursuant to Local Rule 230, this court declines to address plaintiff's filing or to construe it as a motion to remand the case.

Alternatively, to the extent plaintiff's opposition is intended as a request to remand this case, the court finds that plaintiff has failed to present a sufficient basis for remand.  *See, e.g.*, *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court.  *Id.*; *see also* 28 U.S.C. § 1441(a).  Thus, removal of a state action may be based on

either diversity jurisdiction or federal question jurisdiction.  *City of Chicago*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Once a case is removed to federal court, a party challenging the removal may move to remand the case on the basis of a lack of diversity jurisdiction or federal question jurisdiction.  *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003); 28 U.S.C. § 1447(c).

Federal courts may exercise diversity jurisdiction when the amount in controversy exceeds $75,000 and the parties are in complete diversity, i.e. that citizenship of each plaintiff is different from that of each defendant.  *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1332(a).

Here, plaintiff's opposition to removal is based primarily on his age and health condition. Thus, plaintiff argues, it will be inconvenient to personally travel to this U.S. District Court. Because this is an insufficient basis for challenging the removal of this action, the court denies plaintiff's request.  Plaintiff is, however, free to file a properly noticed motion to remand if he so chooses.

Plaintiff is further advised that in this case, telephonic appearances before the undersigned are encouraged.  (*See* Doc. No. 4-1.)  Parties may appear at hearings telephonically by contacting the court at (559) 499−5650 at least forty-eight hours in advance of any scheduled hearing in order to make the necessary arrangements for electronic appearance.

IT IS SO ORDERED.

Dated:   **July 26, 2016**                           _____
                                                                             UNITED STATES DISTRICT JUDGE

2