UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY GIBSON,<br><br>                    Plaintiff,<br><br>          v.<br><br>HAGERTY INSURANCE AGENCY, et al.,<br><br>                    Defendants. | No. 1:16-cv-00677-DAD-BAM<br><br>ORDER DENYING COUNTER-DEFENDANT'S PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM OF RAY GIBSON<br><br>(Doc. No. 34.) |

Before the court is a petition filed by counter-defendant Judy Slack seeking appointment as guardian ad litem to her husband, plaintiff and counter-defendant in this action. (Doc. No. 34.) A hearing on the petition was held on February 21, 2017. Attorney Anthony Salazar appeared telephonically on behalf of plaintiff Ray Gibson, and attorney Alicia Gurries appeared telephonically on behalf of defendants Hagerty Insurance Agency and Essentia Insurance Company. Oral argument was heard and the petition was taken under submission. For the reasons stated below, counter-defendant's petition will be denied without prejudice.

/////

/////

/////

1

FACTUAL BACKGROUND

On April 7, 2016, plaintiff Ray Gibson initiated this action[1] in Stanislaus County Superior Court against defendants Hagerty Insurance Agency ("Hagerty") and Essentia Insurance Company ("Essentia"), alleging three claims: (i) breach of an insurance contract; (ii) breach of the implied covenant of good faith and fair dealing; and (iii) unfair and deceptive business practices in violation of California Business and Professions Code § 17200. (Doc. No. 1-1 at 3.) On May 11, 2016, defendants filed a counterclaim against plaintiff, plaintiff's wife, Judy Slack, and Roes 1–10, seeking declaratory relief.[2] (Doc. No. 1-7 at 3, ¶¶ 1–2.) On the same day, defendants also removed the entire action from state court on grounds of diversity jurisdiction. (Doc. No. 1.)

Plaintiff's complaint alleges the following. Plaintiff is an eighty-two year old California resident who owned two motorcycles, a 1909 Winchester and a 1913 Harley-Davidson. (Doc. No. 1-1 at 4, ¶ 8.) On May 15, 2015, defendants Hagerty and Essentia issued a property insurance policy for plaintiff's motorcycles, providing a $700,000 benefit to plaintiff. (*Id.* at 4, ¶¶ 6, 8.) Plaintiffs paid insurance premiums to defendants as required by the contract. (*Id.* at 8, ¶ 25.) On September 24, 2015, plaintiff reported to defendants that his two motorcycles had been stolen from his residence. (*Id.* at 4, ¶ 6.) Plaintiff also reported that another man, Jerry Morrison, was likely responsible for the theft. (*Id.* at 5, ¶ 17.) Defendants opened an investigation into plaintiff's claim. (*Id.* at 5–6, ¶¶ 18, 20.) Though they initially questioned Mr. Morrison,

---

[1] Plaintiff filed the initial complaint on his own behalf, proceeding pro se. (Doc. No. 1.) On September 19, 2016, attorney Tony Salazar substituted in for both plaintiff and counter-defendant Judy Slack. (Doc. No. 25.)

[2] In their filings, defendants refer to their action against plaintiff and his wife as a cross-complaint, and they refer to plaintiff and his wife as cross-defendants in the action. (Doc. Nos. 1-7 at 2; 35 at 3.) Federal Civil Procedure Rule 13 provides that a cross-claim may be brought against co-parties, and that a counter-claim may be brought against opposing parties. *See Moofly Prods., LLC v. Favila*, No. CV 13-5866 RSWL (PJWx), 2014 WL 12560621, at *1 (C.D. Cal. Mar. 11, 2014); *see also Dynamic Measurement Grp., Inc. v. Univ. of Or.*, 121 F. Supp. 3d 1047, 1047 (D. Or. 2015) (explaining that defendants can properly join a third party in a counterclaim despite not having filed a third-party complaint or a motion to join, if joinder is appropriate under the Federal Civil Procedure Rules). Therefore, the court will refer to defendants' action as a counterclaim. For ease of reference, the court will refer to Hagerty and Essentia as the defendants in this action; to Ray Gibson as the plaintiff; and to Judy Slack as the counter-defendant.

defendants ended their investigation in early October 2015. (*Id.* at 6, ¶ 20.) Plaintiff alleges that defendants prematurely concluded the investigation to avoid paying insurance benefits to plaintiff. (*Id.*) Defendants also questioned plaintiff and his wife about their possible involvement in the motorcycle theft. (*Id.*) As part of this investigation, defendants examined plaintiff and his wife under oath, collected their financial records, and researched their personal lives. (*Id.*) Defendants began to accuse plaintiff and his wife of planning the motorcycle theft in order to recover the insurance money. (*Id.* at 9–10, ¶¶ 30–32.) Plaintiff alleges that these accusations were groundless and were only made to pressure him into dropping the insurance claim. (*Id.*)

On January 13, 2017, counter-defendant Judy Slack submitted the instant petition for appointment of a guardian ad litem. (Doc. No. 34.) On January 25, 2017, defendants filed their opposition. (Doc. No. 35.) Counter-defendant filed her reply on February 3, 2017. (Doc. No. 38.)

## LEGAL STANDARD

Under Federal Civil Procedure Rule 17, courts can appoint a guardian ad litem or issue another appropriate order to protect a minor or incompetent person." Fed. R. Civ. P. 17(c)(2); *see also* Local Rule 202(a). "The court is under a 'legal obligation' to consider whether an incompetent person is adequately protected." *See Jurgens v. Dubendorf*, No. 2:14–cv–2780–KJM–DAD, 2015 WL 6163464, at *3 (E.D. Cal. Oct. 19, 2015) (citing *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986)); *see also Davis v. Walker*, 745 F.3d 1303, 1310 n.6 (9th Cir. 2014). However, the obligation of the court to appoint a guardian ad litem pursuant to Rule 17(c) does not arise until after a determination of incompetence has been made by the court in which the issue was raised. *See, e.g.*, *Forte v. County of Merced*, Nos. 1:11–cv–0318 AWI BAM and 1:11–cv–0718 AWI BAM, 2013 WL 3282957, at *3 (E.D. Cal. June 27, 2013) (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)) (emphasis omitted); *see also Sanchez v. Grandview School Dist. No. 200*, No. CV-10-3118-EFS, 2012 WL 12918718, at *2 (E.D. Wash. Jan. 24, 2012) ("[W]hether to appoint a guardian ad litem for an incompetent party who is represented by counsel appears to be wholly within the Court's discretion.").

The standard for determining competency is supplied by the law of the plaintiff's domicile.[3]  *See* Fed. R. Civ. P. 17(b)(1).  Under California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case."  *Golden Gate Way, LLC v. Stewart*, No. C 09–04458 DMR, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001)); *see also* Cal. Civ. Proc. Code § 372 ("When . . . a person who lacks legal capacity to make decisions . . . is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem.").  "In most cases, a guardian will not be appointed for an adult unless the person gives consent or upon notice and a hearing."  *See Jurgens*, 2015 WL 6163464, at *3.

Under Rule 17(c), a district court must hold a competency hearing "when substantial evidence of incompetence is presented."  *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *see also Ferrelli*, 323 F.3d at 203 (explaining that "due process considerations attend an incompetency finding and the subsequent appointment of a guardian ad litem"); *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990) (observing that the appointment of a guardian ad litem implicates due process concerns because it deprives a litigant of the right to control litigation and subjects him to possible stigmatization).  The Ninth Circuit has not clearly stated what constitutes "substantial evidence" of incompetence warranting such a hearing.  *See Hoang Minh Tran v. Gore*, No. 10cv464–GPC (DHB), 2013 WL 1625418, at *3 (S.D. Cal. April 15, 2013); *see also Shack v. Knipp*, No. 12–CV–794–MMA (BGS), 2012 WL 4111652, at *5 (S.D. Cal. Sept. 17, 2012).  However, the Ninth Circuit has indicated that sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from treating psychiatrists or psychologists, and medical records may be considered in this regard.  *See Allen*, 408 F.3d at 1152–54; *see also Hoang Minh Tran*, 2013 WL 1625418, at *3.  Such evidence must speak to the court's concern as to whether the person in question is able to meaningfully take part in the

---

[3]  Federal law nonetheless governs questions of appropriate procedure in the district court.  *See In re County of Orange*, 784 F.3d 520, 523–24 (9th Cir. 2015); *Estate of Escobedo v. City of Redwood City*, No. C03–03204 MJJ, 2006 WL 571354, at *7–9 (N.D. Cal. Mar. 2, 2006).

proceedings. *See AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1042 (E.D. Cal. 2015) (citing *In re Christina B.*, 19 Cal. App. 4th 1441, 1450 (1993)); *see also United States v. $18,474.34 in Bank Account Funds*, No. SACV 10-1168 AG (RNBx), 2016 WL 6700305, at *2 (C.D. Cal. Nov. 14, 2016).

## ANALYSIS

Counter-defendant petitions the court to appoint her as plaintiff's guardian ad litem. (Doc. No. 34.) In her petition, counter-defendant argues that plaintiff is suffering from Alzheimer's disease and is incompetent to pursue this action on his own behalf. (*Id.* at 3.) She points to the following evidence in support of her argument: (i) her own declaration, where she asserts that plaintiff has been experiencing memory loss since early 2015, and that his condition worsened after defendants' 2016 investigations into plaintiff's insurance claim,[4] (*Id.* at 3, ¶ 1); (ii) an excerpt of plaintiff's medical records from August 29, 2016, which includes a physician's note that plaintiff "seems to have short-term memory loss[,] most likely Alzheimer's disease," (*Id.* at 7–8); and (iii) a consent form signed by plaintiff, agreeing to the appointment of counter-defendant Slack as his guardian ad litem, (Doc. No. 34 at 9–10).

Defendants oppose counter-defendant's petition, asserting that she has not met her burden to show plaintiff's incompetency. (Doc. No. 35 at 3.) Defendants argue that even if the court finds plaintiff to be incompetent, a guardian other than counter-defendant should be appointed on his behalf, because her conduct during the litigation has been "confrontational and obstructionist." (*Id.* at 6–7.)

Counter-defendant's arguments in support of her petition seeking appointment as guardian ad litem for plaintiff are unpersuasive. Plaintiff has been an active participant in court proceedings up to this date, filing his initial April 7, 2016 complaint on his own behalf, and proceeding as a pro se plaintiff until September 2016, when attorney Salazar substituted in as his counsel. (Doc. No. 25); *see also Farley v. Kernan*, No. 16CV188 LAB (BGS), 2017 WL 412259,

---

[4] In her declaration, counter-defendant also indicates that plaintiff received MRI brain scans on November 7, 2016 and had a neurological exam on January 20, 2017. (*Id.* at 4–5, ¶¶ 6, 8.) However, she has not provided the results of either procedure, nor has she included medical reports from these exams in her petition. (*Id.*)

at *4 (S.D. Cal. Jan. 31, 2017) (finding that petitioner had not presented substantial evidence of incompetency to warrant a competency hearing in part because he had actively participated in prior habeas proceedings); *Thompson v. Virga*, No. 11–cv–2818–NLS, 2012 WL 1154473, at *2 (S.D. Cal. Apr. 4, 2012) (finding that there was not substantial evidence of incompetence in part because "to date, this Court has observed that Petitioner is effectively litigating this case without counsel," "has complied with court orders," and "has been an active participant in this proceeding"). Indeed, in his original complaint, plaintiff noted that he had a history of memory loss issues, but did not allege then that any mental health issues interfered with his ability to participate in court proceedings. (Doc. No. 1-1 at 5, 10, ¶¶ 18, 34)

Moreover, counter-defendant's petition does not provide substantial evidence of incompetency. As part of the petition, counter-defendant submits only a two page excerpt of plaintiff's medical records, which appear to be based on a single consultation with a physician. (Doc. No. 34 at 7–8.) These medical records contain a brief note stating that plaintiff has "short-term memory loss," and that Alzheimer's disease is a likely diagnosis. (*Id.* at 8.) However, the records do not make conclusive determinations regarding plaintiff's condition or competence, and they indicate plaintiff was advised to consult with a neurologist. (Doc. No. 34 at 7.) The records contain no other information about plaintiff's medical history, the extent of his memory loss, or his capacity to engage in court proceedings. (*Id.*); *see Jurgens*, 2015 WL 6163464, at *3 (observing that evidence of prior incompetency is "not alone a sufficient indication" of present competence, "but is relevant nonetheless"); *Shack*, 2012 WL 4111652, at *5 (finding that there was not substantial evidence of incompetence sufficient to support holding a competency hearing after petitioner "failed to submit his own sworn declaration that he is mentally impaired and does not understand the Court," and failed to provide any evidence from his treating psychiatrist outlining his diagnosis, medications, and treatment program); *McElroy v. Cox*, No. 08-1221 JM (AJB), 2009 WL 4895360, at *3 (E.D. Cal. Dec. 11, 2009) (concluding that petitioner failed to submit substantial evidence of incompetence because, despite providing recent medical records supporting a diagnosis of mental disability, the petitioner did not submit evidence demonstrating a "nexus between his mental disorder and his ability to articulate his claims").

Similarly, the counter-defendant's declaration states only that plaintiff has experienced "sporadic memory loss," and that "his memory has declined noticeably." (*Id.* at 4, ¶ 4.) The declaration does not provide any information about plaintiff's ability to understand and respond to court orders. (*Id.*) More importantly, counter-defendant does not indicate that she has the training or qualifications to make a determination about plaintiff's mental competence. *See Hoang Minh Tran*, 2013 WL 1625418, at *4 (finding a witness's declaration describing plaintiff's mental incompetence "provides little substantial evidence" because "it appears [the witness] does not have the training or qualifications to make a determination about Plaintiff's mental competence."); *see also Shack*, 2012 WL 4111652, at *5 (same).

Accordingly, the court concludes that counter-defendant has not presented substantial evidence of plaintiff's incompetence. *See Jurgens*, 2015 WL 4910536, at *5 (denying plaintiff's petition for appointment of a guardian ad litem because of "a dearth of evidence supporting a finding of plaintiff's incompetency"). As such, based upon the showing presently before the court, her petition for appointment as guardian ad litem will be denied.

CONCLUSION

For the reasons stated above, counter-defendant's petition seeking appointment as guardian ad litem to plaintiff Gibson (Doc. No. 34) is denied without prejudice.

IT IS SO ORDERED.

Dated: **March 15, 2017**

UNITED STATES DISTRICT JUDGE

7