# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY GIBSON,<br><br>　　Plaintiff,<br><br>　　v.<br><br>HAGERTY INSURANCE AGENCY, et al.,<br><br>　　Defendants. | Case No. 1:16-cv-00677-BAM<br><br>ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR RAY GIBSON AND JUDY SLACK<br><br>(Doc. No. 60) |
| HAGERTY INSURANCE AGENCY, LLC, et al.,<br><br>　　Defendants/Cross-Complainants,<br><br>　　v.<br><br>RAY GIBSON, JUDY SLACK and ROES 1 through 10,<br><br>　　Counter-Defendants. | ORDER STAYING ACTION FOR THIRTY (30) DAYS<br><br>ORDER DIRECTING PLAINTIFF/CROSS-DEFENDANT RAY GIBSON TO OBTAIN COUNSEL WITHIN THIRTY (30) DAYS OR DISMISS ACTION<br><br>ORDER VACATING HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Pending before the Court is the motion for leave to withdraw as counsel of record for Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack filed by their attorney Anthony T. Salazar of the Law Office of Anthony T. Salazar. (Doc. No. 60). The matter was heard on February 23, 2018, before United States Magistrate Judge Barbara A. McAuliffe. Counsel Anthony T. Salazar appeared by telephone. Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack appeared by telephone. Counsel Alicia Gurries appeared in person on behalf of Defendants/Cross-Complainants Hagerty Insurance Agency and Essentia Insurance

1

| | |
|---|---|
| 1 | Company. |
| 2 | Having considered the moving, opposition and reply papers, arguments presented at the |
| 3 | hearing, as well as the Court's file, the motion is GRANTED subject to the conditions set forth in |
| 4 | this order. |

**BACKGROUND**

On April 7, 2016, Plaintiff Ray Gibson, proceeding pro se, initiated this action in Stanislaus County Superior Court against Defendants Hagerty Insurance Agency and Essentia Insurance Company ("Defendants"), alleging three claims: (i) breach of an insurance contract; (ii) breach of the implied covenant of good faith and fair dealing; and (iii) unfair and deceptive business practices in violation of California Business and Professions Code § 17200. (Doc. No. 1-1 at p. 3.) On May 11, 2016, Defendants filed a counterclaim against Plaintiff, Plaintiff's wife, Judy Slack, and Roes 1–10, seeking declaratory relief. (Doc. No. 1-7 at p. 3, ¶¶ 1–2.) On the same day, Defendants also removed the entire action from state court on grounds of diversity jurisdiction. (Doc. No. 1.)

At a hearing on September 1, 2016, Ms. Slack represented to the Court that Mr. Gibson was experiencing advancing Alzheimer's disease such that a guardian ad litem was needed to protect his interest.

On September 16, 2016, attorney Anthony T. Salazar substituted in as counsel for both Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack. (Doc. No. 25.)

Based upon the continued representation of Mr. Gibson's ongoing and advancing incapacity, on November 16, 2016, the Court set a briefing schedule for filing a motion for guardian ad litem.

On January 13, 2017, Cross-Defendant Judy Slack, through counsel, filed a petition for appointment of guardian ad litem for Plaintiff/Cross-Defendant Ray Gibson. (Doc. No. 34.) On March 16, 2017, the then-assigned district judge denied the petition without prejudice, concluding that Cross-Defendant Judy Slack had not presented substantial evidence of Plaintiff/Cross-Defendant Ray Gibson's incompetence. (Doc. No. 41.)

On April 27, 2017, Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy

Slack, without the assistance of counsel, filed a petition for appointment of guardian ad litem. (Doc. No. 43.) On the same date, attorney Anthony T. Salazar filed a proposed substitution to substitute Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack in pro per. (Doc. No. 44.)

On June 6, 2017, the then-assigned district judge denied Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack's petition for guardian ad litem without prejudice, noting that the petition was not authorized to be filed because they are represented by counsel. (Doc. No. 49.) The district judge also declined to sign off on the proposed substitution of attorney filed by Anthony T. Salazar. Instead, the district court "strongly encouraged Mr. Gibson and Ms. Slack to retain new counsel prior the hearing on any motion to withdraw by Anthony Salazar, and to file proper notice of any substitution immediately." (*Id.*)

On June 8, 2017, Plaintiff/Cross-Defendant Ray Gibson filed a motion to appoint guardian ad litem. (Doc. No. 50.) The district court judge struck the motion from the record, and reiterated that Plaintiff continued to be represented by counsel, and was not authorized to file documents on his own behalf. The court also advised Plaintiff/Cross-Defendant Ray Gibson that any future filing submitted by parties who were represented by counsel would not be docketed and that Plaintiff/Cross-Defendant Ray Gibson remained represented by counsel of record until and unless the court ordered otherwise. (Doc. No. 51.)

On September 14, 2017, based on the parties' consent, the action was reassigned to the undersigned magistrate judge for all purposes, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c)(1). (Doc. No. 57.)

On September 15, 2017, following reassignment, the Court issued a Scheduling Conference Order. Based on that order, the deadline to complete discovery is March 9, 2018, and trial is scheduled for August 28, 2018. (Doc. No. 58.)

On November 20, 2017, Defendants filed a motion for summary judgment, and noticed a hearing for February 9, 2018. (Doc. No. 59.) No opposition was filed by counsel on behalf of Plaintiff/Cross-Defendant Ray Gibson.

On January 20, 2018, attorney Anthony T. Salazar filed the instant motion for leave to

withdraw as attorney for Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack. (Doc. No. 60.) Based on the motion to withdraw, and in the interests of justice, the Court continued the hearing on Defendants' motion for summary judgment to March 30, 2018. (Doc. No. 61.)

As noted above, the Court held a hearing on Mr. Salazar's motion to withdraw as attorney on February 23, 2018. At the hearing, Ms. Slack stated she did not receive a copy of counsel's motion.[1] The Court directed Cross-Defendant Judy Slack to serve and file a written response to the motion. Cross-Defendant Slack filed her response on March 12, 2018. (Doc. No. 66.) Mr. Salazar filed a reply on March 16, 2018. (Doc. No. 67.)

## **DISCUSSION**

**A. Motion to Withdraw**

    1. Counsel's Position

Attorney Anthony T. Salazar contends that in September 2016, Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack engaged him to represent them in this case "in a limited and temporary way to help with settlement documents and procedures or until they could find proper legal counsel." (Doc. 60-1, Declaration of Anthony T. Salazar ("Salazar Decl.") at ¶ 1.) Mr. Salazar further contends that Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack were made aware that he was a one (1) attorney law firm that "does not have the time or money to prosecute and defend a case such as this but could help with settlement procedures." (*Id.* at ¶ 2.)

Mr. Salazar alleges that Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack violated their agreement with him by (1) not retaining counsel that could handle the case when it was clear that the action was not going to settle; and (2) not paying invoices in a timely manner. (*Id.* at ¶ 3.) Additionally, Mr. Salazar reports that on April 27, 2017, Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack filed a request for guardian ad litem with

---

[1] The Court is skeptical that Ms. Slack did not receive a copy of the motion. The proof of service indicates that motion to withdraw was served on Ms. Slack at the same email address which Ms. Slack gave to the Court at the hearing in order to receive a copy of the motion. (Doc. No. 63.) Nonetheless, in an abundance of caution, the Court permitted Ms. Slack time to file a response to the motion.

4

1  the court without his knowledge or consent, and he immediately filed a substitution of attorney, not realizing that a motion was necessary. (*Id*. at ¶ 4.)

Mr. Salazar asserts that Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack's decision to file documents with the court without his knowledge, their refusal to pay invoices and other irreconcilable differences have made it unreasonably difficult for him to effectively represent them in court. (*Id.* at ¶ 5.)

2. Ms. Slack's Position[2]

In summary, Ms. Slack complains about the lack of effort and communication from Mr. Salazar, and asks not to be prejudiced by his lack of concern. Although Ms. Slack indicates that she has made extensive efforts to secure counsel, she has been unable to do so due to retainer fees requested by other attorneys. Ms. Slack indicates that she would rather proceed in propria persona than to be represented by Mr. Salazar. (Doc. No. 66 at p. 4.)

3. Counsel's Reply

By his reply, Mr. Salazar reaffirms that he was retained as counsel for the limited purpose of assisting with settlement documents and that he informed Mr. Gibson and Ms. Slack that he did not have the time or money, as a one attorney law firm, to prosecute or defend this case. (Doc. No. 67-1, Declaration of Anthony T. Salazar in Support of Reply at ¶¶ 1, 2.) Mr. Salazar asserts that Mr. Gibson and Ms. Slack violated their agreement with him by (1) not retaining counsel that could handle the case when it was clear that the matter was not going to settle and (2) by failing to pay invoices in a timely manner. (*Id.* at ¶¶ 3, 4 and Exs. B-D.) Mr. Salazar argues that the decision of Mr. Gibson and Ms. Slack to file documents with this Court without his knowledge, their refusal to pay invoices and other irreconcilable differences make it unreasonably difficult for him to effectively represent them before this Court. Mr. Salazar does not believe that any party will be prejudiced by his withdrawal. (*Id.* at ¶ 5.)

---

[2] At the hearing on the motion to withdraw, and as indicated in a minute order issued on February 23, 2018, the Court authorized only Ms. Slack to file a written response to the motion to withdraw as counsel. (Doc. No. 65.) In contravention of this Court's order, both Mr. Gibson and Ms. Slack submitted a joint response to the motion to withdraw as counsel. (Doc. No. 66.) Due to the repeated representations to this Court that Mr. Gibson is incompetent, and because Ms. Slack may not act as his counsel, the Court will not consider Mr. Gibson's response. The Court therefore limits its consideration of the response only as it pertains to Ms. Slack's defense of the cross-complaint against her. Ms. Slack is not a named plaintiff in this action.

**B. Standard**

In the Eastern District of California, attorneys representing parties to a civil case are subject to this Court's Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

LR 182(d); *see also Thomas v. Experian Info. Sols., Inc.*, No. 2:13-cv-02674-MCE-CKD, 2014 WL 7359180, at *1 (E.D. Cal. Dec. 23, 2014) (Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit."); *Canandaigua Wine Co., Inc. v. Edwin Moldauer*, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, *1 (E.D. Cal. 2009) (same).

The Rules of Professional Conduct of the State Bar of California provide that an attorney may withdraw from representation if the client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively." California Rules of Professional Conduct, Rule 3-700(C)(1)(d). The Rules also allow for permissive withdrawal where the client "breaches an agreement or obligation to the member as to expenses or fees." Rule 3-700(C)(1)(f). The decision to grant counsel's motion to withdraw is within the discretion of the trial court. *Thomas* 2014 WL 7359180, at *1; *Canandaiqua*, 2009 WL 89141 at *1. "In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaiqua*, 2009 WL 89141 at *1. "In determining whether good cause for withdrawal exists, courts have considered whether the client is cooperative or seeks to

1 dictate litigation strategy. *Id.* at *2 (citation omitted). "Courts have also held that the failure to pay attorney's fees may be grounds for withdrawal." *Id.* (citations omitted).

**C. Analysis**

Here, the Court finds that the conduct of Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack in the repeated filing of documents in this Court without the knowledge or consent of counsel, along with the failure to pay invoices, renders it unreasonable difficult for the Law Office of Anthony T. Salazar to carry out its employment effectively. In light of the circumstances, the Law Office of Anthony T. Salazar has demonstrated good cause for withdrawal as attorney of record for Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack, and the motion to withdraw shall be granted.

Accordingly, Ms. Slack will be substituted in propria persona in place and stead of the Law Office of Anthony T. Salazar solely for defending against the Cross-Complaint filed against her by Defendants/Cross-Complainants Hagerty Insurance Agency and Essentia Insurance Company.

However, due to the repeated representations to this Court that Plaintiff/Cross-Defendant Ray Gibson is incompetent and requires a guardian ad litem, and in an abundance of caution based upon these representations, the Court finds that Plaintiff/Cross-Defendant Ray Gibson may not proceed in this action pro se.[3] Further, Ms. Slack may not represent Plaintiff/Cross-Defendant Ray Gibson because pro se litigants have no authority to represent anyone other than themselves. Local Rule 183; *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties or entities."); *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (non-lawyer has no authority to appear as an attorney for others than himself). Therefore, the Court will stay this action for **thirty (30) days** to allow Plaintiff/Cross-Defendant Ray Gibson to obtain new counsel in this action. Because Plaintiff/Cross-Defendant Ray Gibson has already been afforded multiple opportunities and more than eight (8) months to secure substitute counsel

---

[3] By this finding, the Court does not, expressly or impliedly, find or determine that Plaintiff/Cross-Defendant Ray Gibson is incompetent or that he requires appointment of a guardian ad litem.

in this action no continuances of the stay shall be granted.

**CONCLUSION AND ORDER**

For the foregoing reasons, the Court orders as follows:

1. Counsel is GRANTED leave to withdraw and Counsel's motion for leave to withdraw is GRANTED;

2. Ms. Slack is substituted in propria persona in place and stead of the Law Office of Anthony T. Salazar solely for defending against the Cross-Complaint filed against her by Defendants/Cross-Complainants Hagerty Insurance Agency and Essentia Insurance Company;

3. Based upon the repeated representations and filings with this Court, Mr. Gibson may not be competent to represent himself;

4. This action is STAYED for thirty (30) days for the solitary purpose of allowing Plaintiff/Cross-Defendant Ray Gibson to retain substitute counsel to represent him in this action;

5. By no later than **April 18, 2018**, Plaintiff/Cross-Defendant Ray Gibson shall either (1) retain new counsel and file a proper notice for substitution or (2) notify the Court of Plaintiff's request to dismiss his action against Defendants.

**The Court CAUTIONS Plaintiff/Cross-Defendant Ray Gibson that if one of these events does not occur by April 18, 2018, then the Court shall enter an order to show cause as to why the Court should not dismiss Plaintiff Ray Gibson's case in its entirety.**

6. The Clerk of the Court is directed to update the docket with the contact information of Ray Gibson and Judy Slack at their last known address and serve them with a copy of this order: 36 S. Daubenberger Road, Turlock, California 95380

7. The hearing on Defendants' Motion for Summary Judgment set for March 30, 2018 is HEREBY VACATED. As necessary, the hearing will be reset following resolution of the issue of counsel for Plaintiff/Cross-Defendant Ray Gibson.

IT IS SO ORDERED.

Dated: **March 19, 2018**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE

8