# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY GIBSON,<br><br>    Plaintiff,<br><br>    v.<br><br>HAGERTY INSURANCE AGENCY, et al.,<br><br>    Defendants.<br>_____/<br>HAGERTY INSURANCE AGENCY, LLC, et al.,<br><br>    Defendants/Cross-Complainants,<br><br>    v.<br><br>RAY GIBSON, JUDY SLACK and ROES 1 through 10,<br><br>    Cross-Defendants.<br>_____/ | Case No. 1:16-cv-00677-BAM<br><br>ORDER DENYING REQUEST FOR MEDIATION<br><br>(Doc. No. 71)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS AND PROSECUTE THIS ACTION<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Pending before the Court is Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack's request for mediation in lieu of dismissal of this action. (Doc. No. 71.) At the Court's direction, Defendants/Cross-Complainants Hagerty Insurance Agency and Essentia Insurance Company filed a response to the mediation request on May 30, 2018. (Doc. No. 73.) Having considered the moving and opposition papers, as well as the Court's file in this action, Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack's request for mediation is DENIED. Further, Plaintiff Ray Gibson is ORDERED to show cause in writing why his action

1

should not be dismissed for failure to comply with the Court's orders and failure to prosecute.

## PROCEDURAL BACKGROUND[1]

On April 7, 2016, Plaintiff Ray Gibson, proceeding pro se, initiated this action in Stanislaus County Superior Court against Defendants Hagerty Insurance Agency and Essentia Insurance Company ("Defendants"), alleging three claims: (i) breach of an insurance contract; (ii) breach of the implied covenant of good faith and fair dealing; and (iii) unfair and deceptive business practices in violation of California Business and Professions Code § 17200. (Doc. No. 1-1 at p. 3.) On May 11, 2016, Defendants filed a counterclaim against Plaintiff, Plaintiff's wife, Judy Slack, and Roes 1–10, seeking declaratory relief. (Doc. No. 1-7 at p. 3, ¶¶ 1–2.) On the same day, Defendants also removed the entire action from state court on grounds of diversity jurisdiction. (Doc. No. 1.)

On July 22, 2016, Mr. Gibson and Ms. Slack, proceeding in pro se, filed an opposition to the removal. (Doc. No. 10.) On July 26, 2016, the Court declined to consider the opposition, however, because it was not presented as a properly noticed motion pursuant to this Court's Local Rules. The Court also found that there was no basis to remand the action and that Plaintiff had presented an insufficient basis for challenging removal. (Doc. No. 14.)

On September 16, 2016, attorney Anthony T. Salazar substituted in as counsel for both Mr. Gibson and Ms. Slack. (Doc. No. 25.)

On January 13, 2017, Ms. Slack, through counsel, filed a petition to be appointed guardian ad litem for Mr. Gibson. Ms. Slack declared that Mr. Gibson was an incompetent adult due to Alzheimer's disease. In support, Ms. Slack submitted a single medical record suggesting that Mr. Gibson "seem[ed] to have short-term memory loss most likely Alzheimer's disease," but also indicating that he did not want to see an outside neurologist as he was being "followed at the VA." (Doc. No. 34 at p. 9.)

On March 16, 2017, the then-assigned district judge denied Ms. Slack's petition for appoint as guardian ad litem for Mr. Gibson. The district judge found that Ms. Slack's arguments

---

[1] Given the parties' familiarity with the extensive procedural background in this action, only those portions relevant to the instant mediation request and show cause order will be recounted here by the Court.

in support of her petition were unpersuasive, noting that Mr. Gibson had been "an active participant in court proceedings" up to that date, filing his initial complaint and proceeding pro se until Mr. Salazar substituted in as his counsel. (Doc. No. 41 at p. 5.) The district judge also found that Ms. Slack failed to provide "substantial evidence" of Mr. Gibson's incompetence, commenting that the sole medical record did not make a conclusive determination regarding his condition or competence and that there was no information he was unable to understand and respond to court orders. (Id. at p. 6-7.)

On April 27, 2017, Mr. Gibson and Ms. Slack, without the assistance of counsel, filed a second petition for appointment of guardian ad litem. The petition was signed by both Mr. Gibson and Ms. Slack. (Doc. No. 43.) On the same date, their attorney filed a proposed substitution of attorney in order to substitute Mr. Gibson and Ms. Slack in pro per. (Doc. No. 44.)

On June 6, 2017, the then-assigned district judge denied Mr. Gibson and Ms. Slack's petition for guardian ad litem without prejudice, finding that the petition was not authorized to be filed because they were represented by counsel. (Doc. No. 49.) The district judge also declined to sign off on the proposed substitution of attorney filed by Anthony T. Salazar. Instead, the district court "strongly encouraged Mr. Gibson and Ms. Slack to retain new counsel prior the hearing on any motion to withdraw by Anthony Salazar, and to file proper notice of any substitution immediately." (*Id.*)

Nearly a year ago, on June 8, 2017, Mr. Gibson, without the assistance of counsel, filed and signed yet another petition for appointment of guardian ad litem. Although the document first purports to have been prepared by someone else, it reverts to a first-person narrative by Mr. Gibson. It also includes a statement that Mr. Gibson wishes to "take the stand" and while he "may at times be a little confused, may at times Not recall what was asked of him, he can always turn to the Judge and ask that the question be repeated." (Doc. No. 50 at p. 2.) The district court judge struck the motion from the record, and reiterated that Mr. Gibson continued to be represented by counsel, and was not authorized to file documents on his own behalf. The district judge also advised Mr. Gibson that any future filing submitted by parties who were represented by counsel would not be docketed and that Mr. Gibson remained represented by counsel of record

until and unless the court ordered otherwise. (Doc. No. 51.)

On September 14, 2017, based on the parties' consent, the action was reassigned to the undersigned magistrate judge for all purposes, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c)(1). (Doc. No. 57.) Following reassignment, the Court issued a Scheduling Conference Order on September 15, 2017. Based on that order, the deadline to complete discovery was March 9, 2018, and trial was scheduled for August 28, 2018. (Doc. No. 58.)

On November 20, 2017, Defendants filed a motion for summary judgment, and noticed a hearing for February 9, 2018. (Doc. No. 59.) No opposition was filed by counsel on behalf of Mr. Gibson. In the alternative, on January 20, 2018, Mr. Salazar filed a motion for leave to withdraw as attorney of record for Mr. Gibson and Ms. Slack. Mr. Salazar asserted, in part, Mr. Gibson's and Ms. Slack's decision to file documents with the court without his knowledge, their refusal to pay invoices and other irreconcilable differences made it unreasonably difficult for him to effectively represent them in court. (Doc. No. 60.)

Based on the motion to withdraw, and in the interests of justice, the Court continued the hearing on Defendants' motion for summary judgment to March 30, 2018. (Doc. No. 61.)

On February 23, 2018, the Court held a hearing on Mr. Salazar's motion to withdraw as counsel of record. As discussed during the hearing, the Court permitted Ms. Slack to serve and file a response to the motion to withdraw. (Doc. No. 64.) In contravention of that order, Ms. Slack *and* Mr. Gibson submitted a response, which was signed by both of them, to the motion on March 12, 2018. (Doc. No. 66.) Mr. Salazar filed a reply on March 16, 2018. (Doc. No. 67.)

After considering the parties' arguments, filings and the record, the Court granted Mr. Salazar's motion for leave to withdraw as counsel for Mr. Gibson and Ms. Slack on March 19, 2018. (Doc. No. 68.) As part of that order, the Court substituted Ms. Slack in propria persona exclusively to defend herself against the Cross-Complaint filed by Defendants. Additionally, in light of the repeated representations and filings with this Court claiming that Mr. Gibson may not be competent to represent himself, but without any properly submitted proof of incompetency, the Court stayed this action to allow Mr. Gibson to retain substitute counsel. To that end, the Court directed Mr. Gibson to either (1) retain new counsel and file a proper notice for substitution or (2)

notify the Court of his request to dismiss the action against Defendants by no later than April 18, 2018. The Court expressly cautioned Mr. Gibson that if one of those events did not occur by April 18, 2018, then the Court would enter an order to show cause why Mr. Gibson's case should not be dismissed in its entirety. (ECF No 68.)

On April 18, 2018, in lieu of a notice of substitution or request for dismissal, Mr. Gibson submitted a signed declaration, which included an ex parte request to extend the stay and extend the time to provide substitution of counsel. (Doc. No. 69.) The Court granted the request on April 20, 2018, staying the proceedings an additional thirty days and ordering Mr. Gibson to either retain new counsel and file a proper notice of substitution or notify the Court of his request to dismiss his action against Defendants by May 19, 2019. The Court again cautioned Mr. Gibson that if one of those events did not occur by May 19, 2019, then the Court would issue a show cause order why Mr. Gibson's case should not be dismissed in its entirety. The Court also advised Mr. Gibson that because of the already lengthy delays in this case, no further extensions would be granted absent a showing of good cause. (Doc. No. 70.)

On May 21, 2018, after the Court's stated deadline, Mr. Gibson again failed to submit a notice of substitution or request for dismissal. In place of any such filings, Mr. Gibson and Ms. Slack submitted a short discourse, again signed by both of them, regarding their discontent with the status of this action and asked the Court to consider whether it would allow this matter to be resolved by the use of a mediator. (Doc. No. 71.) After reviewing the statement, and prior to issuing any order to show cause why Mr. Gibson's case should not be dismissed, the Court directed Defendants to file a brief reply to the request for mediation. (Doc. No. 72.)

Defendants filed their response on May 30, 2018. In that response, Defendants contend that this action should be dismissed with prejudice because Mr. Gibson has failed to diligently prosecute this action for the past two years. Defendants cite his failure to respond to discovery requests, his failure to comply with the Rules of Civil Procedure, his failure to comply with court orders and his refusal to cooperate with his own counsel, along with the filing of meritless motions, unauthorized pleadings and repeated requests for extensions. Defendants assert that this delay has prejudiced their ability to defend themselves against Plaintiff's claims and adequately

5

prepare for trial.  With respect to mediation, Defendants question whether meaningful mediation can proceed in the current circumstances.  Among other reasons, Defendants express concern that neither Mr. Gibson nor Ms. Slack have provided any indication as to how Mr. Gibson could or would meaningfully participate in mediation, particularly in light of his repeated representations that he is incompetent and requires a guardian ad litem.  (Doc. No 73.)

## **DISCUSSION**

Defendants correctly question whether Mr. Gibson would be able to meaningfully participate in mediation pro se and without proper representation.  The Court has considered voluntary appointment of counsel, but does not find such appointment appropriate.  As a general matter, there is no constitutional right to counsel in a civil case.  United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986).  However, pursuant to 28 U.S.C. § 1915(e), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances.  Id.; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Although the Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment.  Mallard v. U.S. Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 301–08 (1989).  Here, there is no showing that Mr. Gibson is indigent and cannot afford counsel.  Even if he were indigent, however, the Court does not find the required exceptional circumstances.  Mr. Gibson has not demonstrated a likelihood of success on the merits, nor has he demonstrated an inability to articulate his position and prepare multiple filings in this action.  Critically, the Court has considered that Mr. Gibson previously had counsel in this action, but his own obstructionist conduct resulted in counsel's inability to advance this case and ultimately led to counsel's withdrawal from this action.

The Court also has considered the representations made throughout the course of this action regarding Mr. Gibson's purported incompetence.  By presenting a signed paper to the Court, Mr. Gibson has certified that his assertions are warranted and have evidentiary support. Fed. R. Civ. P. 11(b).  However, Mr. Gibson's numerous filings raise serious questions for the Court about the veracity of those representations.  Indeed, despite his assertions of incompetence, his filings have been fluid, comprehensive and articulate.  There is no indication from the record

in this case that Mr. Gibson has been unable to actively participate in this litigation or that he cannot comprehend and understand the proceedings or court orders. Yet, the Court cannot permit Mr. Gibson to represent himself, based on his and his wife's repeated, affirmative statements he is incompetent to do so. No party may take advantage of the judicial system by misrepresenting himself to the Court. For these reasons, the Court will not seek to appoint voluntary counsel in this matter, will not permit self-representation, and will deny the request for mediation,

Further, as demonstrated by the procedural history in this action, the Court finds that the actions of Mr. Gibson and Ms. Slack have prevented the just, speedy and inexpensive determination of this action. Not only have they violated the Rules of Civil Procedure, the Local Rules, and multiple orders of this Court, but they also have prejudiced Defendants' ability to defend themselves in this action and have wasted scarce judicial resources.

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court. "District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

In this case, Mr. Gibson has unnecessarily delayed resolution and prosecution of this

action and has been repeatedly non-responsive to or in violation of this Court's orders. The Court cannot effectively manage its docket when Plaintiff ceases efforts to litigate this action or disregards court orders. Thus, both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court has repeatedly advised Mr. Gibson that his failure to comply with the Court's orders could result in dismissal of his action. At this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not complied with the Court's orders or rules, and his purposeful conduct has served only to delay this action. There also is no suggestion from the record that monetary sanctions or the preclusion of evidence or witnesses are likely to have any effect on future conduct. The Court therefore concludes that the relevant factors weigh in favor of dismissal. For that reason, and in an abundance of caution, Mr. Gibson will therefore be required to show cause why his action should not be dismissed.

## **CONCLUSION AND ORDER**

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff/Cross-Defendant Ray Gibson and Cross-Defendant Judy Slack's request for mediation is DENIED;

2. Plaintiff Ray Gibson is ORDERED to show cause in writing, **within twenty-one (21)**

**days of service of this order**, why his complaint should not be dismissed in its entirety based on Plaintiff's failure to comply with the Court's orders and Plaintiff's failure to prosecute his action.

3. **The failure to respond to this order will result in the dismissal of this action, with prejudice, for failure to obey a court order and failure to prosecute.**

IT IS SO ORDERED.

Dated: **June 4, 2018**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE