# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY GIBSON, | Case No. 1:16-cv-00677-BAM |
| Plaintiff, | |
| v. | ORDER DENYING REQUEST FOR COUNSEL |
| HAGERTY INSURANCE AGENCY, et al., | (Doc. No. 75) |
| Defendants. | ORDER DISMISSING PLAINTIFF RAY GIBSON'S ACTION FOR FAILURE TO OBEY COURT ORDERS AND PROSECUTE THE ACTION |
| HAGERTY INSURANCE AGENCY, LLC, et al., | (Doc. Nos. 74, 76) |
| Defendants/Counter-Claimants, | |
| v. | ORDER VACATING SCHEDULING ORDER AND DIRECTING DEFENDANTS TO FILE STATUS REPORT WITHIN SEVEN (7) DAYS |
| RAY GIBSON, JUDY SLACK and ROES 1 through 10, | |
| Counter-Defendants. | **SEVEN-DAY DEADLINE** |

## **PROCEDURAL BACKGROUND**[1]

On April 7, 2016, Plaintiff Ray Gibson, proceeding pro se, initiated this action in Stanislaus County Superior Court against Defendants Hagerty Insurance Agency and Essentia Insurance Company ("Defendants"), alleging three claims: (i) breach of an insurance contract; (ii) breach of the implied covenant of good faith and fair dealing; and (iii) unfair and deceptive business practices in violation of California Business and Professions Code § 17200. (Doc. No. 1-1 at p. 3.) On May 11, 2016, Defendants filed a counterclaim against Plaintiff, Plaintiff's wife,

---
[1] Given the parties' familiarity with the extensive procedural background in this action, only those portions relevant to the instant mediation request and show cause order will be recounted here by the Court.

1

Judy Slack, and Roes 1–10, seeking declaratory relief.[2] (Doc. No. 1-7 at p. 3, ¶¶ 1–2.) On the same day, Defendants also removed the entire action from state court on grounds of diversity jurisdiction. (Doc. No. 1.)

On July 22, 2016, Mr. Gibson and Ms. Slack, proceeding in pro se, filed an opposition to the removal. (Doc. No. 10.) On July 26, 2016, the Court declined to consider the opposition, however, because it was not presented as a properly noticed motion pursuant to this Court's Local Rules. The Court also found that there was no basis to remand the action and that Plaintiff had presented an insufficient basis for challenging removal. (Doc. No. 14.)

On September 16, 2016, attorney Anthony T. Salazar substituted in as counsel for both Mr. Gibson and Ms. Slack. (Doc. No. 25.)

On January 13, 2017, Ms. Slack, through counsel, filed a petition to be appointed guardian ad litem for Mr. Gibson. Ms. Slack declared that Mr. Gibson was an incompetent adult due to Alzheimer's disease. In support, Ms. Slack submitted a single medical record suggesting that Mr. Gibson "seem[ed] to have short-term memory loss most likely Alzheimer's disease," but also indicating that he did not want to see an outside neurologist as he was being "followed at the VA." (Doc. No. 34 at p. 9.)

On March 16, 2017, the then-assigned district judge denied Ms. Slack's petition for appoint as guardian ad litem for Mr. Gibson. The district judge found that Ms. Slack's arguments in support of her petition were unpersuasive, noting that Mr. Gibson had been "an active participant in court proceedings" up to that date, filing his initial complaint and proceeding pro se until Mr. Salazar substituted in as his counsel. (Doc. No. 41 at p. 5.) The district judge also found that Ms. Slack failed to provide "substantial evidence" of Mr. Gibson's incompetence, commenting that the sole medical record did not make a conclusive determination regarding his condition or competence and that there was no information he was unable to understand and respond to court orders. (Id. at p. 6-7.)

---

[2] Defendants refer to their action as a cross-complaint against Plaintiff and his wife and they refer to Plaintiff and his wife as cross-defendants. However, Federal Rule of Civil Procedure 13 provides for a crossclaim to be brought against co-parties, whereas a counterclaim is brought against an opposing party. Fed. R. Civ. P. 13(a), (b). Therefore, Defendants' action is considered a counterclaim, not a crossclaim.

On April 27, 2017, Mr. Gibson and Ms. Slack, without the assistance of counsel, filed a second petition for appointment of guardian ad litem. The petition was signed by both Mr. Gibson and Ms. Slack. (Doc. No. 43.) On the same date, their attorney filed a proposed substitution of attorney in order to substitute Mr. Gibson and Ms. Slack in pro per. (Doc. No. 44.)

On June 6, 2017, the then-assigned district judge denied Mr. Gibson and Ms. Slack's petition for guardian ad litem without prejudice, finding that the petition was not authorized to be filed because they were represented by counsel. (Doc. No. 49.) The district judge also declined to sign off on the proposed substitution of attorney filed by Anthony T. Salazar. Instead, the district court "strongly encouraged Mr. Gibson and Ms. Slack to retain new counsel prior the hearing on any motion to withdraw by Anthony Salazar, and to file proper notice of any substitution immediately." (*Id.*)

Nearly a year ago, on June 8, 2017, Mr. Gibson, without the assistance of counsel, filed and signed yet another petition for appointment of guardian ad litem. Although the document first purports to have been prepared by someone else, it reverts to a first-person narrative by Mr. Gibson. It also includes a statement that Mr. Gibson wishes to "take the stand" and while he "may at times be a little confused, may at times Not recall what was asked of him, he can always turn to the Judge and ask that the question be repeated." (Doc. No. 50 at p. 2.) The district court judge struck the motion from the record, and reiterated that Mr. Gibson continued to be represented by counsel, and was not authorized to file documents on his own behalf. The district judge also advised Mr. Gibson that any future filing submitted by parties who were represented by counsel would not be docketed and that Mr. Gibson remained represented by counsel of record until and unless the court ordered otherwise. (Doc. No. 51.)

On September 14, 2017, based on the parties' consent, the action was reassigned to the undersigned magistrate judge for all purposes, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c)(1). (Doc. No. 57.) Following reassignment, the Court issued a Scheduling Conference Order on September 15, 2017. Based on that order, the deadline to complete discovery was March 9, 2018, and trial was scheduled for August 28, 2018. (Doc. No. 58.)

On November 20, 2017, Defendants filed a motion for summary judgment, and noticed a

hearing for February 9, 2018. (Doc. No. 59.) No opposition was filed by counsel on behalf of Mr. Gibson. Instead, on January 20, 2018, Mr. Salazar filed a motion for leave to withdraw as attorney of record for Mr. Gibson and Ms. Slack. Mr. Salazar asserted, in part, Mr. Gibson's and Ms. Slack's decision to file documents with the court without his knowledge, their refusal to pay invoices and other irreconcilable differences made it unreasonably difficult for him to effectively represent them in court. (Doc. No. 60.)

Based on the motion to withdraw, and in the interests of justice, the Court continued the hearing on Defendants' motion for summary judgment to March 30, 2018. (Doc. No. 61.)

On February 23, 2018, the Court held a hearing on Mr. Salazar's motion to withdraw as counsel of record. As discussed during the hearing, the Court permitted Ms. Slack to serve and file a response to the motion to withdraw. (Doc. No. 64.) In contravention of that order, Ms. Slack *and* Mr. Gibson submitted a response, which was signed by both of them, to the motion on March 12, 2018. (Doc. No. 66.) Mr. Salazar filed a reply on March 16, 2018. (Doc. No. 67.)

After considering the parties' arguments, filings and the record, the Court granted Mr. Salazar's motion for leave to withdraw as counsel for Mr. Gibson and Ms. Slack on March 19, 2018. (Doc. No. 68.) As part of that order, the Court substituted Ms. Slack in propria persona exclusively to defend herself against Defendants' counterclaim. Additionally, in light of the repeated representations and filings with this Court claiming that Mr. Gibson may not be competent to represent himself, but without any proper proof of incompetency, the Court stayed this action to allow Mr. Gibson to retain substitute counsel. To that end, the Court directed Mr. Gibson to either (1) retain new counsel and file a proper notice for substitution or (2) notify the Court of his request to dismiss the action against Defendants by no later than April 18, 2018. The Court expressly cautioned Mr. Gibson that if one of those events did not occur by April 18, 2018, then the Court would enter an order to show cause why Mr. Gibson's case should not be dismissed in its entirety. (ECF No 68.)

On April 18, 2018, in lieu of a notice of substitution or request for dismissal, Mr. Gibson submitted a signed declaration, which included an ex parte request to extend the stay and extend the time to provide substitution of counsel. (Doc. No. 69.) The Court granted the request on

April 20, 2018, staying the proceedings an additional thirty days and ordering Mr. Gibson to either retain new counsel and file a proper notice of substitution or notify the Court of his request to dismiss his action against Defendants by May 19, 2019. The Court again cautioned Mr. Gibson that if one of those events did not occur by May 19, 2019, then the Court would issue a show cause order why Mr. Gibson's case should not be dismissed in its entirety. The Court also advised Mr. Gibson that because of the already lengthy delays in this case, no further extensions would be granted absent a showing of good cause. (Doc. No. 70.)

On May 21, 2018, after the Court's stated deadline, Mr. Gibson again failed to submit a notice of substitution or request for dismissal. Instead, Mr. Gibson and Ms. Slack submitted a statement regarding their discontent with the status of this action. They also asked the Court to consider whether it would allow this matter to be resolved by the use of a mediator. (Doc. No. 71.) After reviewing the statement, and prior to issuing any order to show cause why Mr. Gibson's case should not be dismissed, the Court directed Defendants to file a brief reply to the request for mediation. (Doc. No. 72.) Defendants filed their response on May 30, 2018. (Doc. No. 73.) In that response, Defendants argued that Mr. Gibson's action should be dismissed with prejudice because he failed to diligently prosecute his action. Defendants also questioned whether meaningful mediation could proceed in the current circumstances. (Id.)

After considered Defendants' response, the Court denied Mr. Gibson's and Ms. Slack's request for mediation. (Doc. No. 74.) The Court also issued an order for Mr. Gibson to show cause in writing why his complaint should not be dismissed in its entirety based on his failure to comply with the Court's order and his failure to prosecute this action. (Id.) In its order, the Court considered the relevant factors warranting dismissal and also considered, but rejected, the appointment of counsel in this action. (Id.)

On June 22, 2018, in response to the Court's order to show cause, Mr. Gibson and Ms. Slack filed a document entitled "Ray Gibson's Opposition to Cross-Complaint for Declaratory Relief." (Doc. No. 75.) In the document, Mr. Gibson and Ms. Slack state their belief that case law may allow the court to appoint counsel for Mr. Gibson because of his age and his asserted Alzeheimer's disease. They also appear to contend that dismissal for failure to prosecute is not

5

appropriate and that Mr. Gibson contacted 62 law offices without success. (Id.) The Court construes this document as a request for the appointment of counsel for Mr. Gibson and a response in opposition to the show cause order.

Additionally, on the same date, Mr. Gibson and Ms. Slack filed what appears to be both a reply to Defendants' response to the request for mediation and a further response to the show cause order. (Doc. No. 76.) In the combined response, Mr. Gibson and Ms. Slack aver that while he has signed the response (and other documents), Mr. Gibson had not written a single word in either the response or any other submission in this action. Reportedly, Ms. Slack relied on the assistance of a close family friend to submit "virtually every motion or response submitted on behalf of Plaintiffs, save and except for Plaintiffs' Counsel's imploring this court for his Withdrawal as Counsel of Record for Plaintiffs." [3] (Doc. No. 76 at p. 1.) Mr. Gibson and Ms. Slack also place responsibility for the lack of diligence and the failure to prosecute on their former counsel, Mr. Salazar. To that end, Mr. Gibson and Ms. Slack fault Mr. Salazar for his purported failure to submit a medical report to the Court regarding Mr. Gibson. They also fault him for his failure to return their calls, his failure to write any documents on their behalf, his failure to facilitate their discovery obligations and his failure to meet with them. Mr. Gibson and Ms. Slack further claim that all motions filed by Mr. Salazar were researched, collated, drafted and finalized by their close friend. They also declare that they do not owe him any money. In sum, Mr. Gibson and Ms. Slack lay blame with Mr. Salazar for any delay or lack of diligence in this action.

## DISCUSSION

**A. Request for Appointment of Counsel**

In the show cause order, the Court considered the voluntary appointment of counsel for Mr. Gibson, but did not find it appropriate. Mr. Gibson now has submitted a request for the appointment of counsel. The Court has considered this request, but again does not find the appointment of counsel appropriate. As the Court previously explained to Mr. Gibson, there is no

---

[3] Despite repeated references to "Plaintiffs" in their response, the Court notes that there is only one Plaintiff in this action, Mr. Ray Gibson.

6

constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Id.; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In assessing whether "exceptional circumstances" are present, a court considers "such factors as the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity." Wood, 900 F.2d at 1335. Although the Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 301–08 (1989).

In this case, Mr. Gibson has made no showing of indigency or that he is unable to afford counsel under 20 U.S.C. § 1915(e). Even if he were indigent, however, the Court does not find the exceptional circumstances required to request the appointment of voluntary counsel. Critically, Mr. Gibson has not demonstrated a likelihood of success on the merits, nor has there been any evidence presented to the Court that he is unable to articulate his position or understand the myriad filings that have been submitted to the Court with his signature. The Court has considered the representations made throughout the course of this action regarding Mr. Gibson's purported incompetence. There is no evidentiary support in this case to demonstrate that Mr. Gibson has been unable to actively participate in this litigation or that he cannot comprehend and understand the proceedings, the court orders in this case or the documents he signs and submits to the Court, yet he continues to sign documents and attempts to represent himself as incompetent. Indeed, by signing pleadings, motions and other papers and filing them with the Court, Mr. Gibson is certifying "to the best of [his] knowledge, information, and belief" that, among other things, he is not presenting papers for any improper purpose and his legal contentions are warranted. Federal Rule of Civil Procedure 11(a), (b). The Court has no confidence in any of the contradictory statements by Mr. Gibson. Further, the Court has considered that Mr. Gibson previously had counsel in this action, but his own conduct, and that of Ms. Slack, resulted in counsel's inability to advance this case and ultimately led to counsel's withdrawal from this action.

///

For these reasons, the Court will not seek to appoint voluntary counsel in this matter and will deny the request.

### B. Dismissal of Action for Failure to Comply with Court Orders and Failure to Prosecute

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court. "District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

As the Court previously stated in the show cause order, Mr. Gibson has unnecessarily delayed resolution and prosecution of this action and has been repeatedly non-responsive to or in violation of this Court's orders. Although Mr. Gibson (and Ms. Slack) attribute the delays in this action to the purported failures of their former counsel, the Court is not persuaded. More than a year has passed since Mr. Gibson attempted to substitute himself pro se in place of Mr. Salazar (and despite his contradictory representation that he is incompetent and in need of a guardian ad litem). (Doc. No. 44.) Indeed, on June 6, 2017, during the course of a hearing, the then-assigned

District Judge "strongly encouraged Mr. Gibson and Ms. Slack to retain new counsel … and to file proper notice of any substitution immediately." (Doc. No. 49.) Further, despite repeated admonitions and orders from the Court, Mr. Gibson and Ms. Slack improperly filed multiple documents on their own behalf while they continued to be represented by counsel. (Doc. Nos. 49, 51.) Even after counsel was permitted to withdraw from this action, Mr. Gibson continued to delay this action and failed to respond to comply with court orders regarding the retention of counsel. (Doc. Nos. 68, 70, 74.) The Court cannot effectively manage its docket when Plaintiff ceases efforts to litigate this action or disregards court orders. Thus, both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). This action has been delayed repeatedly due to the actions of Mr. Gibson and Ms. Slack, and has stalled indefinitely since the filing of Defendants' motion for summary judgment more than seven months ago on November 20, 2017. (Doc. 49.) The reason the case was stalled was because of Mr. Gibson's unsupported statements of incompetency, yet submitting documents signed by him showing the opposite mental state. The Court could not proceed in this case in light of Mr. Gibson's contradictory representations.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Here, the Court cannot permit a party to make representations, such as Mr. Gibson's purported incompetence without any competent evidence, but then be able to retract those representations when that better suits the party. Public policy does not favor a party benefitting from misrepresentations to the Court.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262;

Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court has repeatedly advised Mr. Gibson that his failure to comply with the Court's orders could result in dismissal of his action. Most recently, the Court issued a show cause order to allow Mr. Gibson a final opportunity to demonstrate why this action should not be dismissed based on his failure to comply with the Court's orders and his failure to prosecute this action. (Doc. 74.) The Court views that it is Mr. Gibson who has placed himself in his current position: he made representations to the Court, the Court required that he substantiate his claims, Mr. Gibson failed to do so, and he failed to cooperate with, and in fact side-stepped, his then-counsel, resulting in counsel's withdrawal. At this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not complied with the Court's orders or rules, and his purposeful conduct has served only to delay this action. There also is no suggestion from the record that monetary sanctions or the preclusion of evidence or witnesses are likely to have any effect on future conduct. The Court therefore concludes that the relevant factors weigh in favor of dismissal.

## **CONCLUSION AND ORDER**

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Mr. Gibson's request for the appointment of counsel is DENIED;
2. Plaintiff Ray Gibson's complaint is DISMISSED in its entirety based on Plaintiff's failure to comply with the Court's orders and Plaintiff's failure to prosecute his action;
3. All dates in the Scheduling Conference Order issued on September 15, 2017, including pretrial and trial, are VACATED; and
4. Within **seven (7) days** of the date of this order, Defendants shall file a written status report regarding the status of its counterclaim against Mr. Gibson and Ms. Slack.

IT IS SO ORDERED.

Dated: **June 28, 2018**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

10