1

2

3

4

5

6 # UNITED STATES DISTRICT COURT

7 ### EASTERN DISTRICT OF CALIFORNIA

8

9 RAY GIBSON,                                    Case No. 1:16-cv-00677-BAM

10        Plaintiff,                             ORDER DENYING MOTION FOR
                                                 RECONSIDERATION
11    v.                                         (Doc. No. 79)

12 HAGERTY INSURANCE AGENCY, et
   al.,
13
          Defendants.
14 _____/

15 HAGERTY INSURANCE AGENCY,
   LLC, et al.,
16
          Defendants/Counter-Claimants,
17
      v.
18
   RAY GIBSON, JUDY SLACK and
19 ROES 1 through 10,

20        Counter-Defendants.
   _____/
21

22    **I.      Background**

23        On June 29, 2018, the Court issued an order dismissing Plaintiff Ray Gibson's complaint

24 in its entirety for failure to obey court orders and prosecute this action.  (Doc. No. 77.)  The Court

25 also vacated the Scheduling Order and directed Hagerty Insurance Agency and Essentia Insurance

26 Company to file a written status report regarding their counterclaim for declaratory relief against

27 Counter-Defendants Ray Gibson and Judy Slack.  (Id.)

28        On July 6, 2018, Counter-Claimants Hagerty Insurance Agency and Essentia Insurance

Agency filed a status report. In the report, Counter-Claimants assert that without a dismissal with prejudice of Plaintiff Ray Gibson's complaint or a grant of summary judgment, they are unclear how to proceed with their counterclaim. (Doc. No. 78.)

Before the Court could address the status report, Plaintiff Ray Gibson (hereinafter "Plaintiff") filed a document titled, "Ray Gibson's Response to Court's Order to Dismiss Plaintiff's Case."[1] (Doc. No. 79.) Plaintiff appears to challenge the Court's involuntary dismissal of his action, claiming that the Court abused its discretion. Plaintiff's "response" is construed as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6). A response from Defendants/Counter-Claimants unnecessary, and the motion is deemed submitted. Local Rule 230(g). For the reasons discussed below, Plaintiff's motion for reconsideration shall be denied.[2]

## II.    Motion for Reconsideration

### A.  Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure governs the reconsideration of final judgments or orders of the district court. Rule 60(b)(6) permits a district court to relieve a party from a final order or judgment for any "reason that justifies relief." Generally, a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation..." of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. Cty. of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other

---

[1]    The Court notes that the document repeatedly refers to "Plaintiffs" and is signed by both Ray Gibson and his wife, Judy Slack. Ms. Slack is not, and has not been, a plaintiff in the original action. Rather, she is a counter-defendant to the counter-claims brought by Hagerty Insurance Agency and Essentia Insurance Company. Accordingly, the Court limits its consideration to the position of Plaintiff Ray Gibson.

[2]    Counter-Claimants' status report will be addressed by separate order.

2

grounds, 828 F.2d 514 (9th Cir. 1987). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j).

## B. Discussion

Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the Court to reverse its prior decision. In his moving papers, Plaintiff first contends that Court erred by failing to consider the performance (or lack thereof) of his former counsel, Mr. Anthony Salazar. Indeed, the bulk of Plaintiff's motion is a recitation of Mr. Salazar's purported failings and deficiencies as former counsel of record in this matter. (*See* Doc. 79 at 1-6, 8-9, 11-13, 15-17, 20, 22-23, 25-28.) Plaintiff even avers that he "hope[s] to set the record straight by placing the blame on the person who sat back and did NOTHING… that was ATTORNEY SALAZAR." (*Id.* at 15.)

Plaintiff's argument that Mr. Salazar is entirely to blame for any dilatory conduct has already been considered and rejected by this Court. Reconsideration may not be premised on a recapitulation of arguments already considered by the Court. *Westlands Water Dist.*, 134 F.Supp.2d at 1131. In the dismissal order, the Court reasoned as follows:

> As the Court previously stated in the show cause order, Mr. Gibson has unnecessarily delayed resolution and prosecution of this action and has been repeatedly non-responsive to or in violation of this Court's orders. *Although Mr. Gibson (and Ms. Slack) attribute the delays in this action to the purported failures of their former counsel, the Court is not persuaded.* More than a year has passed since Mr. Gibson attempted to substitute himself pro se in place of Mr. Salazar (and despite his contradictory representation that he is incompetent and in need of a guardian ad litem). (Doc. No. 44.) Indeed, on June 6, 2017, during the course of a hearing, the then-assigned District Judge "strongly encouraged Mr. Gibson and Ms. Slack to retain new counsel … and to file proper notice of any substitution immediately." (Doc. No. 49.) Further, despite repeated admonitions and orders from the Court, Mr. Gibson and Ms. Slack improperly filed multiple documents on their own behalf while they continued to be represented by counsel. (Doc. Nos. 49, 51.) Even after counsel was permitted to withdraw from this action, Mr. Gibson continued to delay this action and failed to respond to comply with court orders regarding the retention of counsel. (Doc. Nos. 68, 70, 74.)

(Doc. 77 at 8-9) (emphasis added). Plaintiff's reassertion of his argument is equally unpersuasive

3

for the same reasons. Additionally, Plaintiff's attempt to invoke the verbal contract or underlying agreement with his former counsel as a basis for reconsideration is both unavailing and irrelevant. (Doc. No. 79 at 2.) Any agreement with his former counsel has no bearing on Plaintiff's own conduct, including conduct following counsel's withdrawal. (Doc. 79 at 2)

Plaintiff next contends that the Court erred by failing to inquire about his efforts to retain counsel. (Doc. No. 79 at 7.) However, the Court began addressing Plaintiff's efforts to retain new counsel in June 2017, more than a year prior to dismissal. (Doc. 49.) Critically, before dismissing this action, the Court expressly considered Plaintiff's assertion that he "contacted 62 law offices without success." (Doc. No. 77 at 6.) Thus, the record in this action belies Plaintiff's contention that the Court failed to assess his efforts to secure new counsel.

Plaintiff also attempts to raise counterarguments relative to the factors weighed by the Court in determining whether to dismiss this action. Although not entirely clear, Plaintiff appears to argue that (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions do not weigh in favor of dismissal. (Doc. No. 79 at 3-5, 9-16.) However, Plaintiff's mere disagreement with the Court's analysis and ultimate determination is not sufficient to support reconsideration. "[M]otions for reconsideration are not available to dissatisfied litigants as a vehicle by which to require the same judge . . . to rethink a decision." *Boyd v. Etchebehere*, No. 1:13-01966-LJO-SAB (PC), 2017 WL 4012882, at *2 (E.D. Cal. Sept. 12, 2017), aff'd, 732 F. App'x 608 (9th Cir. 2018); *see also Westlands Water Dist.*, 134 F.Supp.2d at 1131.

As part of his reconsideration motion, Plaintiff also presents arguments regarding the underlying merits of the action and defendants' investigation of the insurance claims at issue (including any discovery or interviews). Neither the merits of this action, nor the conduct of defendants in investigating the underlying insurance claims are relevant to the Court's decision to dismiss Plaintiff's complaint due to his own dilatory and obstructionist conduct.

Finally, Plaintiff argues that he has a right to represent himself in *pro se*, which the Court

has precluded.[3]  However, as the Court previously indicated, Plaintiff may not claim that he is incompetent and requires the appointment of a guardian ad litem (albeit without evidentiary support) while simultaneously claiming that he is competent to represent himself.  Generally, Federal Rule of Civil Procedure 17(c) requires a court to "appoint a guardian ad litem--or issue another appropriate order--to protect … [an] incompetent person who is unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).  In this case, however, Plaintiff has been unable to provide substantial evidence of his incompetence warranting the appointment of a guardian ad litem.  (Doc. 41.)  Nonetheless, because of Plaintiff's repeated assertions of incompetence, the Court, in an abundance of caution, issued an order requiring Plaintiff to secure counsel in an effort protect Plaintiff's interests in this action.  That directive does not warrant reconsideration.

### C. Conclusion

For the reasons stated, Plaintiff's motion for reconsideration (Doc. No. 79) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **August 27, 2018**                    /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE

---

[3]        Ms. Slack has been permitted to represent herself with respect to the counter-complaint.

5