1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                       **EASTERN DISTRICT OF CALIFORNIA**
8

| RAY GIBSON, | Case No. 1:16-cv-00677-BAM |
|---|---|
| Plaintiff, | ORDER GRANTING ENTRY OF FINAL JUDGMENT AS TO FEWER THAN ALL CLAIMS AND PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b). |
| v. | |
| HAGERTY INSURANCE AGENCY, et al., | |
| Defendants. | |
| HAGERTY INSURANCE AGENCY, LLC, et al., | |
| Defendants/Counter-Claimants, | |
| v. | |
| RAY GIBSON, JUDY SLACK and ROES 1 through 10, | |
| Counter-Defendants. | |

**I.  Background**

On June 29, 2018, the Court issued an order dismissing Plaintiff Ray Gibson's complaint in its entirety for failure to obey court orders and prosecute this action. The Court also vacated the Scheduling Order and directed Hagerty Insurance Agency and Essentia Insurance Company to file a written status report regarding their counterclaim for declaratory relief against Counter-Defendants Ray Gibson and Judy Slack. (Doc. No. 77.)

1

On July 6, 2018, Counter-Claimants Hagerty Insurance Agency and Essentia Insurance Agency filed a status report. In the report, Counter-Claimants assert that without a dismissal with prejudice of Plaintiff Ray Gibson's complaint or a grant of summary judgment, they are unclear how to proceed with their counterclaim. (Doc. No. 78.)

Having considered Counter-Claimants' response, the status of this action and the remaining counterclaims, the Court now *sua sponte* raises the issue of Federal Rule of Civil Procedure 54(b) certification to allow entry of final judgment on Plaintiff Ray Gibson's claims against Defendants Hagerty Insurance Agency and Essentia Insurance Company. A court need not wait for parties to move for Rule 54(b) certification. *State Treasurer v. Barry*, 168 F.3d 8, 14 (11th Cir. 1999) ("The district court, *sua sponte* or on motion, could have certified that there was no reason for delay and directed the entry of final judgment"). Instead, district courts may enter a Rule 54(b) judgment *sua sponte*. *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001); *Barry*, 168 F.3d at 14.

### II.     Legal Standard

Federal Rule of Civil Procedure 54 provides "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In making a determination under Rule 54(b), a district court must first determine that it is dealing with a final judgment, which means a decision that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980), quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956). Second, the district court must determine "whether there is any just reason for delay . . . . It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Id.* at 8 (citations omitted). The district court should make specific findings setting forth the reasons for directing the entry of judgment under Rule 54(b). *Morrison-Knudsen v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

### III. Discussion

First, Plaintiff's claims against Defendants Hagerty Insurance Agency and Essentia Insurance Company have reached finality. The dismissal for failure to obey court orders and for failure to prosecute is a clear "ultimate disposition" of Plaintiff's claims.

Second, there is no just reason for delay. The basis for dismissal of Plaintiff's claims is largely unconnected to the substantive counterclaims remaining in this action. As a result, the dismissal is easily resolved separately and would not result in multiple appeals to resolve the same issue, factors which weigh in favor of entering final judgment. *See Curtiss-Wright*, 446 U.S. at 8 ("proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals"). There would be no saving of judicial time or effort in waiting for resolution of the counterclaims before allowing any appeal regarding dismissal of Plaintiff's claims for failure to obey court orders and failure to prosecute. Further, "[f]rom a policy perspective, for claims dismissed for a plaintiff's failure to prosecute, 'there is every just and practical reason to promptly issue the final judgment.'" *Ioane v. Spjute*, No. 1:07-CV-0620 AWI EPG, 2016 WL 5235042, at *2 (E.D. Cal. Sept. 22, 2016) (citation omitted).

### IV. Conclusion and Order

Based on the foregoing, the Clerk of the Court is directed to enter final judgment against Plaintiff Ray Gibson and in favor of Defendants Hagerty Insurance Agency and Essentia Insurance Company on Plaintiff's complaint. This action shall proceed on the counterclaim.

IT IS SO ORDERED.

Dated: **August 27, 2018**            /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE